**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **KHALIQ MEHMOOD** | § | |
| | § | |
| **V.** | § | **A-14-CA-747-LY** |
| | § | |
| **WILLIAM STEPHENS,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Doc. 1); Respondent's Answer (Doc. 16); and Petitioner's Reply (Doc. 21). Petitioner, proceeding pro se, has paid the applicable filing fee for his application. For the reasons set forth below, the Court recommends Petitioner's application for writ of habeas corpus be dismissed.

**I. STATEMENT OF THE CASE**

**A.    Petitioner's Criminal History**

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 368th Judicial District Court of Williamson County, Texas. Petitioner was charged by indictment with one count of burglary of a habitation with intent to commit sexual assault and one count of sexual assault. A jury found Petitioner guilty of one count of burglary of a habitation with

intent to commit sexual assault and assessed punishment at 30 years' imprisonment.  Petitioner was

sentenced on May 25, 2012.  Petitioner appealed, and his conviction was affirmed on March 19,

2013.  Mehmood v. State, No. 07-12-0309-CR, 2013 WL 1182085 (Tex. App. – Amarillo Mar. 19,

2013, no pet.).  He did not file a petition for discretionary review.  He did, however, file an untimely

motion for rehearing in July 2013, which was denied by the appellate court.  Petitioner also

challenged his conviction in an untimely "Motion for New Trial" filed in October 2013.  The trial

court denied it that same month.

Petitioner filed a state application for habeas corpus relief, which he signed on March 31,

2014.  The Texas Court of Criminal Appeals denied it without written order on the findings of the

trial court without a hearing on July 9, 2014.  Ex parte Mehmood, Appl. No. 81,657-01 at cover.

**B.      Petitioner's Grounds for Relief**

Petitioner raises two grounds for relief:

1.      His appellate counsel was ineffective because she failed to properly advise him of his
right to file a response to her Anders brief; and

2.      He was denied his right to file a pro se response to the Anders brief because the
appellate court improperly construed his "Motion for Rehearing" as a pro se
response.

## II.   DISCUSSION AND ANALYSIS

**A.      Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal

habeas corpus relief.  See 28 U.S.C. § 2244(d).  That section provides, in relevant part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas
corpus by a person in custody pursuant to the judgment of a State court.  The
limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.      Application**

Petitioner's conviction became final, at the latest, on April 18, 2013, the deadline for filing a petition for discretionary review with the Texas Court of Criminal Appeals, which according to Rule 68.2 of the Texas Rules of Appellate Procedure, is 30 days following the court of appeals' judgment affirming his conviction. Gonzalez v. Thaler, 623 F.3d 222 (5th Cir. 2010) (holding a conviction becomes final when the time for seeking further direct review in the state court expires). Petitioner's motion for rehearing did not extend the date on which his conviction became final, because it was not timely filed. See Roberts v. Cockrell, 319 F.3d 690, 694–95 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process). Pursuant to Rule 49.1 of the Texas Rules of Appellate Procedure, Petitioner had 15 days after the court of appeals' judgment or order to file a motion for rehearing. The court of appeals affirmed Petitioner's conviction on March 19, 2013. Petitioner did not file his motion for rehearing until on or about July 22, 2013, more than three months after the deadline expired.

Petitioner also filed an untimely motion for new trial. The motion for new trial did not operate to toll the limitations period, because the motion for new trial was not properly filed. To determine whether an application for collateral review is "properly filed," a federal habeas court looks to procedural rules governing the state court's jurisdiction to consider the application. Larry v. Dretke, 361 F.3d 890, 893 (5th Cir. 2004) (citing Artuz v. Bennett, 531 U.S. 4, 9–10 (2000)). A collateral review application filed in a court lacking jurisdiction to consider the application is not "properly filed." Id. (citing Artuz, 531 at 9). Pursuant to Rule 21.4 of the Texas Rules of Appellate Procedure, a motion for new trial must be filed no later than 30 days after the date when the trial court imposes or suspends sentence in open court. The power to grant a motion for new trial is an exercise of "particular authority" by a court of "limited jurisdiction." State v. Holloway, 360 S.W.3d 480, 485–86 (Tex. Crim. App. 2011) (citing Drew v. State, 743 S.W.2d 207, 223 (Tex. Crim. App. 1987)). When the statutory timetable is not followed, the trial court lacks jurisdiction to thereafter rule on the merits of the motion for new trial. Id. Petitioner was sentenced on May 25, 2012, and he did not execute his motion for new trial until October 11, 2013, more than a year later. Accordingly, the trial court was without jurisdiction to consider the motion for new trial. Therefore, Petitioner's motion for new trial is not a "properly filed" collateral proceeding to which statutory tolling applies.

The limitations period *was* tolled, however, during the pendency of Petitioner's state application for habeas corpus relief. At the time Petitioner signed his state application for habeas corpus relief on March 13, 2014, only 18 days remained of the one-year limitations period. The Texas Court of Criminal Appeals denied Petitioner's application on July 9, 2014. Therefore, Petitioner had until July 28, 2014, to timely file his federal application. Petitioner did not execute

his federal application for habeas corpus relief until August 4, 2014, after the limitations period had already expired.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a

5

district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of August, 2015.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE